## Com. ex rel. Bethlehem School District v. Tice, Controller.

*Cities of third class—Duties of city controller—Audit of school accounts—Constitutional law—Act of June 29, 1923.*

1. Controllers of cities of the third class are created, governed, and the extent of their powers determined, by the legislature, and subject to change, repeal or total abolition at its will.

2. The Act of June 29, 1923, P. L. 949, amending the School Code of May 18, 1911, P. L. 309, by providing for the audit of accounts of second and third class school districts by the city, borough or township controller or auditor, is constitutional.

Mandamus. C. P. Northampton Co., Feb. T., 1924, No. 24.

*H. J. Hartzog,* for relator; *George R. Booth,* for respondent.

McKEEN, J., March 31, 1924.—The above relator filed its petition for a writ of mandamus, directing the respondent to forthwith audit the books and accounts of the School District of the City of Bethlehem, Pennsylvania, as required by the Act of Assembly approved June 29, 1923, P. L. 949. A return was filed by respondent, admitting all of the facts set forth in the petition for the writ, but denying that he was required to perform any of the duties imposed upon him by said Act of June 29, 1923, by reason that its provisions, so far as it relates to the duties of the city controller, are unconstitutional. The relator filed a demurrer to the return. It was agreed by counsel that the case should be disposed of by the court on the pleadings as filed, without actual issuance and service of a writ of alternative mandamus. From the admissions of record it appears:

"1. That the School District of the City of Bethlehem, Pennsylvania, is a school district of the second class, duly organized and existing under the laws of the State of Pennsylvania, and having public school jurisdiction over the territory comprising the territorial limits of the municipal corporation of the City of Bethlehem, Pennsylvania.

"2. That Victor E. Tice is the City Controller of the municipal corporation of the City of Bethlehem, having been elected to said office for a term of four years in November, 1921, and having entered upon the performance of the duties of said office on the first Monday of January, 1922.

"3. That, prior to June 29, 1923, the books and accounts of the School District of the City of Bethlehem were annually audited by auditors appointed by the Court of Common Pleas of Northampton County in pursuance of the laws of the Commonwealth of Pennsylvania.

"4. That on June 29, 1923, the Governor of the State of Pennsylvania approved an act of assembly passed by the Legislature of the Commonwealth of Pennsylvania at its session in 1923, and known as Act No. 378, entitled 'An act to amend sections 2603 and 2620, and section 2623 as amended, and to repeal section 2619 of an act approved May 18, 1911, P. L. 309, entitled 'An act to establish a public school system in the Commonwealth of Pennsylvania, together with the provisions by which it shall be administered, and prescribing penalties for the violation thereof; providing revenue to establish and maintain the same, and the method of collecting such revenue, and repealing all laws, general, special or local, or any parts thereof, that are or may be inconsistent therewith,' by providing for the audit of accounts of second and third class school districts by the city, borough or township controller or auditor, and fixing their compensation,' a copy of which act is hereto attached and marked 'Exhibit A,' by the terms and provisions of which the duty of auditing the accounts af the School District of the City of Bethlehem, Penn-

sylvania, was imposed upon the City Controller of the City of Bethlehem after the date of its approval, instead of upon auditors appointed or to be appointed by the Court of Common Pleas.

"5. That the books and accounts of the School District of the City of Bethlehem for the fiscal year ending July 1, 1923, have not been audited by any one.

"6. That on May 14, 1923, Jere P. Casey and Earl Ziegenfuss were appointed by the Court of Common Pleas of Northampton County to audit the accounts of said school district, but that neither of said appointees took and subscribed to the oath or affirmation prescribed by law before entering upon the duties of their appointment, nor did either of said appointees enter upon or begin the duties of their appoinement at any time by reason of the enactment of the act of assembly hereinabove mentioned and marked 'Exhibit A.'

"7. That during the early part of July, 1923, Victor E. Tice, City Controller of the City of Bethlehem, was duly notified by the School District of the City of Bethlehem to audit the books and accounts of the School District of the City of Bethlehem in conformity with said Act of June 29, 1923, and was, furthermore, requested to begin said work promptly, as the books and accounts were ready for audit, and said act of assembly provided that the audit of the school accounts should be begun in July of each year.

"8. That, notwithstanding said notice given to Victor E. Tice, City Controller as aforesaid, and the request made upon him to perform the services imposed upon him by said Act of June 29, 1923, the said Victor E. Tice, City Controller as aforesaid, has, nevertheless, neglected and refused to perform any of said services imposed upon him by said Act of June 29, 1923, without just or legal cause or excuse, and still neglects and refuses to perform any of said services without just or legal cause or excuse.

"9. That the interest of your petitioner in this proceeding is that of a quasi-municipal corporation, which, under the Act of June 29, 1923, is entitled to receive the services of the said Victor E. Tice, City Controller, in the auditing of its books and accounts, and which will suffer great inconvenience, damage and annoyance if its books and accounts are not properly audited.

"10. That the duty, the performance of which is sought by the petitioner, is that the said Victor E. Tice, City Controller as aforesaid, shall forthwith audit the books and accounts of the School District of the City of Bethlehem as directed by said Act of June 29, 1923.

"11. That the name of the person at whose hands performance of said duty is sought is Victor E. Tice, City Controller of the City of Bethlehem, Pennsylvania."

The respondent denies that the legislature has the power to compel him, as an official of the City of Bethlehem, to perform services for the School District of the City of Bethlehem, and contends that the act is unconstitutional for the reason that it violates: (1) The provisions of article III, sections 3 and 6, of the Constitution of Pennsylvania, in that the act in question is an attempt to amend the School Code of 1911, without reference in the title to any one act, and without requisite information that it will affect controllers of cities of the third class. (2) The provisions of article I, section 17, of the Constitution of the State of Pennsylvania, and also article I, section 10, clause 1, of the Constitution of the United States, in that it impairs the obligation of contracts. (3) The provisions of article I, sections 1, 9 and 10, of the Constitution of the State of Pennsylvania, and article V of the Amendment to the Constitution of the United States, in that it interferes with the constitutional

4 D. & C.

DISTRICT AND COUNTY REPORTS. 591

Com. ex rel. Bethlehem School District *v.* Tice, Controller.

rights of respondent. (4) Article III, section 13, of the Constitution of Pennsylvania, in that it increases the salary of the city controller during his term of office.

It cannot be held that any of the reasons advanced by the respondent to the constitutionality of the act are tenable. The title of the Act of June 29, 1923, is declaratory of an amendment, imposes additional duties upon the controllers and auditors of different municipalities, who, at the time of the passage of the act, were in no way officially connected with the several school districts mentioned. The legislative purpose is sufficiently set forth in the title, and the only question that can be raised is the authority of the legislature to impose duties upon officers not identified with the governmental functions of the several school districts. The office of controller for third class cities is not a public office under the protection of the Constitution. The office and the duties pertaining thereto were created and defined by statute, and it cannot be held that there is any contractual relation existing between the controller and the City of Bethlehem. Upon the election of the controller to office and the assumption by him of the office, his duties become obligatory during his legal continuance therein. The act imposes additional burdens and duties upon controllers of cities of the third class by an amendment to the School Code of 1911, which the respondent urges the court is an *ultra vires* act of the legislature. The city controller is an officer of a municipal corporation, and the duties and obligations of the office are defined by the Clark Act of 1913 and the Amendatory Act of May 27, 1919, P. L. 310. The School District of the City of Bethlehem, functioning within the same territorial limits as the City of Bethlehem, is a distinct and separate corporate entity from that of the city municipal corporation, having its own officials, who are organized and function without connection and control by the city authorities. The question arises whether the legislature has the power and authority, by an amendment to the School Code, to impose additional burdens and duties upon other municipal officials not connected with the several school districts. In Com. *v.* Moir, 199 Pa. 534, Mr. Justice Mitchell held: "Municipal corporations are agents of the State, invested with certain subordinate governmental functions for reasons of convenience and public policy. They are created, governed and the extent of their powers determined by the legislature, and subject to change, repeal or total abolition at its will. They have no vested rights in their offices, their charters, their corporate powers, or even their corporate existence. The fact that the action of the State towards its municipal agents may be unwise, unjust, oppressive or violative of the natural or political rights of their citizens is not one which can be made the basis of action by the judiciary, nor are the motives of the legislators, real or supposed, in enacting legislation as to municipal corporations, open to judicial inquiry or consideration."

It is the duty of the court, in determining the respondent's contention as to the unconstitutionality of the Act of 1923 imposing additional duties upon him, to construe the statute, if it be fairly possible, so as to prevent it from falling, and especially to avoid the conclusion that it is unconstitutional. The presumption always is that the legislature does not intend to violate the Constitution and is informed of existing laws. At the time of the passage and approval of the Act of 1923, the Controller of the City of Bethlehem was performing duties, with respect to auditing the accounts of the City of Bethlehem, which were similar to the duties heretofore performed by the auditors appointed by the court to audit the accounts of the several school districts. There can be no question, under the case cited *supra*, that the legislature

592 DISTRICT AND COUNTY REPORTS.

Com. ex rel. Bethlehem School District *v.* Tice, Controller.

would have the power to abolish all of the offices of the several school districts and place the burden of governmental regulation upon the officers of the several municipal corporations within which the school districts are located. The office represented by the city controller not being a public office under the protection of the Constitution, the legislature has the power to enlarge the duties thereof or to abolish the office entirely at any time it may see fit to do so. The return of the respondent also averred that he was unable to perform the duties prescribed by the Act of June 29, 1923, for the reason that his duties as city controller occupied his entire time and it would be impossible for him to audit the accounts of the school district as prescribed by the act. If the city controller cannot personally perform the additional duties, then it is incumbent upon him to procure the necessary clerical assistance.

And now, March 31, 1924, the demurrer to the return is sustained, and judgment is directed to be entered in favor of relator and against respondent, with costs. It is further ordered and directed that a writ of peremptory mandamus issue, directed to Victor E. Tice, Controller of the City of Bethlehem, Pennsylvania, commanding him forthwith to perform the duties prescribed by the Act of June 29, 1923, P. L. 949, as provided by law.

From Henry D. Maxwell, Easton, Pa.